UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

SUMMER KLARMAN,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT ("NYPD") POLICE
OFFICER ("P.O.") BEKZOD SHARIPOV; NYPD P.O.
SASHA CABRERA; NYPD SERGEANT MUNEEB
SHAHBAZ; NYPD P.O. CYNTHIA MCCANN;
NYPD LIEUTENANT DAVID C. JOHNSON; and
NYPD P.O. JOHN and JANE DOES 1-4,

                                  Defendants.

No. 1:24-cv-5340

**COMPLAINT AND JURY DEMAND**

------------------------------------------------------------------- X

Plaintiff Summer Klarman, as and for their complaint, by their attorneys, Beldock Levine & Hoffman LLP, allege as follows:

**PRELIMINARY STATEMENT**

1. When Summer Klarman was 17 years old and a senior in high school, Summer Klarman's mother called for medical assistance for Summer. Rather than EMS arriving, four NYPD officers arrived at the scene. Summer's pronouns are they/them.

2. They did not ask Summer what was going on. When Summer asked an officer why no one was asking them what was going on and when Summer became distressed, they did not de-escalate Summer's distress.

3. Summer was sitting on the ground, not attempting to run away, not advancing towards officers, or otherwise causing a threat or danger.

4. In response to a call for medical assistance for a teenager who weighed about 110 pounds and stood about 5 feet tall, at least six officers responded with brutality and escalation.

1

Officers saw Summer stand up from the ground, where they had not been detained, and immediately surrounded, grabbed, and forcefully arrested Summer. They ignored Summer's cries that officers were hurting them, ignored Summer's pleading that they were not resisting, and ignored Summer's terror. Instead, they only continued to escalate. They forced Summer to the ground face first and hit Summer's head on the concrete. They forcefully grabbed Summer and strapped them down to a gurney.

5. Officers' supervisor—the 17th precinct Lieutenant—showed up and did not intervene. Instead, he helped his subordinates restrain and strap Summer to a gurney. Then he encouraged officers, telling them "good job."

6. Even though Summer's mother was nearby and told officers Summer was not behaving violently and needed medical assistance, Summer's mother's attempts to protect her child from police brutality were unsuccessful.

7. A call for medical assistance tragically left Summer Klarman with a concussion, bruising, cuts, scrapes, and severe trauma, that has stayed with them.

8. Summer Klarman brings this civil rights action to redress the City of New York and NYPD officers violating their constitutional, statutory, and common law rights.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on this Court under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims.

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as the acts alleged herein were committed within this district.

**PARTIES**

12. At all times relevant hereto, Plaintiff Summer Klarman was a resident of the State of New York, County of Suffolk, City of East Hampton.

13. Defendant City of New York (the "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD"), and its employees.

14. Defendants NYPD Police Officer Bekzod Sharipov (Tax ID No. 962797, Shield No. 23114), NYPD Police Officer Sasha Cabrera (Tax ID No. 965675, Shield No. 04880); NYPD Sergeant Muneeb Shahbaz (Tax ID No. 965865, Shield No. 01597); NYPD Police Officer Cynthia McCann (Tax ID No. 972786, Shield No. 05738), NYPD Lieutenant David C. Johnson (Tax ID No. 928548), and NYPD Police Officer John and Jane Does 1–4 are referred to herein as the "Individual Defendants." At all times hereinafter mentioned, the Individual Defendants were employed by the City of New York as members of the NYPD. The name and shield number of Police Officer John Doe is currently unknown to Plaintiff.

15. At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Individual Defendants are being sued in their individual capacities.

17. The true names and shield numbers of defendants NYPD Officers John and Jane Does Nos. 1-4 are not currently known to Plaintiff. However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in the action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to Plaintiff and (b) that the Law Department should immediately begin preparing their defense in the action.

18. Each and all of the acts and omissions of the Defendants alleged herein occurred while said Defendants were acting within the scope of their employment by the Defendant City.

19. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

20. Defendants were duly appointed and acting officers, servants, employees, and agents of Defendant City who were acting for, and on behalf of, and with the power and authority vested in them by Defendant City and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## ADMINISTRATIVE PREREQUISITES

21. Plaintiff timely served a Notice of Claim upon the City of New York and complied with all conditions precedent to commencing an action under state law.

22. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

23. This action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

## DEMAND FOR A JURY TRIAL

24. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## STATEMENT OF FACTS

25. On April 15, 2023, at approximately 1:00 a.m. at or around East 46th Street and 3rd Avenue in the County of New York, members of the NYPD assaulted and detained a 17-year-old, Summer Klarman, without justification or probable cause.

26. This incident arose in response to Summer's mother calling 911 call to request medical assistance for Summer.

27. Initially, approximately four NYPD officers—including Defendants Sharipov, Cabrera, Shahbaz, and McCann arrived at or around East 46th Street and 3rd Avenue.

28. Sergeant Shahbaz asked Summer's mother if Summer took medication and was seeing a doctor.

29. Summer's mother responded affirmatively.

30. Despite Summer's mother's request for medical assistance when she called 911, EMS had not arrived.

31. Meanwhile, Officer Cabrera and Officer Sharipov stood next to Summer.

32. Officer Cabrera then left Summer to go speak to Shahbaz and McCann.

33. During this time, Summer was standing, and then Summer sat down on the ground and waited while officers spoke to their mother.

34. Summer's mother emphasized that the reason she called 911 was to obtain EMS assistance.

35. Summer asked Sergeant Shahbaz why officers were not talking to them and only speaking to Summer's mother.

36. Summer began crying and yelling but did not threaten to harm themself, officers, or any other person or property and did not flee or make attempts to flee.

37. Rather than de-escalate, attempt to calm Summer down, or ask Summer why they were upset, Officer Sharipov asked Summer if they were taking any medications.

38. Summer did not answer, stood up, did not behave violently, did not state that they would leave the location, and did not advance towards officers.

39. Sharipov and Shahbaz immediately stepped forward to grab Summer and forced Summer's arms behind Summer's back.

40. Cabrera joined her fellow officers and forcibly restrained Summer.

41. Summer pleaded with officers as officers were violently restraining them, "I'm standing up. I'm not leaving. I'm not resisting. I just stood up. I just stood up."

42. While Summer was restrained, Shahbaz, Cabrera, and Sharipov violently forced Summer headfirst onto the ground.

43. In forcing Summer to the ground face first with Summer's arms restrained behind their back, Shahbaz, Cabrera, and Sharipov caused Summer to hit their head on the concrete.

44. Officers lifted Summer up slightly but again forced Summer down further onto the ground, hitting Summer's head on the concrete a second time.

45. Sergeant Shahbaz and Officers Cabrera and Sharipov then forcefully handcuffed Summer's hands behind Summer's back.

46.   When Summer was in distress and after officers had hit Summer's head on the concrete, Summer told officers they did not want to get into the gurney.

47.   Rather than de-escalate the interaction, Shahbaz, Cabrera, and Sharipov forcefully grabbed Summer's body, put Summer on a gurney, and strapped them into the gurney.

48.   McCann stood by and did not intervene either when officers restrained Summer's arms, hit Summer's head on the concrete, and forced them onto a gurney.

49.   While officers were forcefully detaining Summer on the gurney, the precinct Lieutenant, David Johnson and Officer Doe 1 arrived on the scene and stepped out of their vehicle.

50.   Neither Lt. Johnson nor Officer Doe 1 intervened, spoke to Summer, or made any attempts to de-escalate or prevent excessive force.

51.   Instead, Lt. Johnson and Officer Doe 1 assisted in forcefully restraining Summer.

52.   Officers grabbed and held Summer's arms and legs forcefully, and ignored Summer's repeated cries that officers were hurting them.

53.   Officers took Summer to an ambulance.

54.   Lt. Johnson told his subordinate officers, "Good job, keep up the good work."

55.   When placing Summer in the ambulance, Shahbaz, Sharipov, and Cabrera forcefully and roughly grabbed, yanked forward, and held Summer's legs so tightly that circulation in their legs was cut off.

56.   McCann, Lt. Johnson, and Officer Doe 1 stood by, doing nothing to intervene or de-escalate or help Summer.

57.   The level of force officers used left Summer with several bruises on their legs and arms, a concussion, and scrapes and cuts and soreness to their hands and wrists.

58. Summer's mother repeatedly informed officers that her child had medical conditions and was not violent, Summer's mother's attempt to de-escalate the situation and protect her child were of no avail.

59. Summer's mother also reminded Lt. Johnson outside the ambulance that Summer was only 17 years old.

60. Defendants nevertheless detained Summer, forced them into the ambulance, and along with EMS, took Summer to Bellevue Hospital.

61. Officer McCann assisted in transporting Summer to the hospital.

62. Officer Doe 2, who accompanied Summer to the hospital told medical staff that Summer had refused treatment.

63. Officer Does 3-4 also assisted in the detaining and transport of Summer to the hospital and did not intervene.

64. Summer was then held against their will at Bellevue Hospital for several hours, while bleeding from the head.

65. Summer was nauseous and their vision was blurry, causing them to vomit.

66. Summer sustained a concussion, which caused absence from high school, and migraines, among other symptoms.

67. Summer was left with a scar on the top of their head.

68. Summer suffered extreme and significant psychological distress.

69. For example, Summer suffers from terrifying and disturbing flashbacks and nightmares of the NYPD officer defendants brutalizing them.

## FIRST CAUSE OF ACTION
### Excessive Force
***Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution***

70. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. The types and levels of force Defendants used against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

72. Defendants used excessive force against Plaintiff, without making appropriate determinations about whether those uses of force were necessary, justified, or reasonable.

73. Defendants used excessive force even though Plaintiff did not resist, or did not otherwise pose a threat to the safety of the officers or others.

74. The types and levels of force Defendants used against Plaintiff were harmful and resulted in seriously physical and emotional injury to Plaintiff.

75. Defendants ordered, effected, and otherwise participated in using excessive force against Plaintiff.

76. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, city, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

77. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**SECOND CAUSE OF ACTION**
**Unlawful Seizure/False Arrest**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution*

78. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79. Defendants' seizure of Plaintiff herein was done without any judicial warrant, was unreasonable, and was done without lawful justification.

80. Plaintiff did not consent to, and was conscious of, their confinement by Defendants.

81. Defendants did not have probable cause to seize, detain, or involuntarily hospitalize Plaintiff, as Plaintiff did not pose a risk of harm to themselves or others.

82. Defendants' seizure of Plaintiff was unjustified and objectively unreasonable, taking into consideration the information available to Defendants at the time they seized Plaintiff.

83. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, city, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

84. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## THIRD CAUSE OF ACTION
### Failure to Intervene
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution*

85. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

86. Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

87. Individuals Defendants each had a duty to intervene to prevent the use of excessive force, false arrest, unlawful seizure, and unlawful detention.

88. Individual Defendants each had an opportunity to intervene.

89. Individuals Defendants failed to intervene.

90. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, city, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

91. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### FOURTH CAUSE OF ACTION
### Violations of the New York State Constitution

92. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

93. The conduct of the Defendants alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of Defendant City, invoking state power and/or authority, and as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

94. Defendants, acting under color of law, by and through its employees, agents, and/or officers subjected Plaintiff to the foregoing acts and omissions without any due process of law, thereby depriving Plaintiff of their rights, privileges and immunities secured by Article I, §§ 8, 9, 11, and 12 of the New York State Constitution, including, without limitation, the following deprivations of rights, privileges, and immunities:

    a. Freedom from unreasonable search and seizure of their person or property;

    b. Freedom from unlawful detention and arrest without probable cause;

    c. Freedom from false imprisonment and from being wrongfully detained without cause or legal justification, and of which Plaintiff was aware and did not consent;

    d.      Freedom from deprivation of liberty without due process of law; and

    e.      Right to equal protection of the law.

95. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 8, 9, 11, and 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

96. As a result of the foregoing, Plaintiff was deprived of liberty, suffered specific and serious bodily injury and emotional distress, and were otherwise damaged and injured.

97. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## FIFTH CAUSE OF ACTION
### Assault and Battery

98. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

99. The conduct of the Defendant police officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of Defendant City, invoking state power and/or authority, and as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

100. Defendants committed assault against Plaintiff within the meaning of New York common law by intentionally placing Plaintiff in fear of imminent harmful or offensive contact.

101. Defendants committed battery against Plaintiff within the meaning of New York common law by intentionally physically contacting Plaintiff without Plaintiff's consent.

102. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**SIXTH CAUSE OF ACTION**
**False Imprisonment, False Arrest, and Unlawful Detention**

103. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

104. The conduct of the Defendant police officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of Defendant City, invoking state power and/or authority, and as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

105. By the actions described above, the named police officials falsely arrested and/or imprisoned Plaintiff within the meaning of New York's common law, without reasonable suspicion or probable cause, illegally and without a written warrant, and without any right or authority to do so. Plaintiff was conscious of the confinement, and it was without their consent.

106. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**SEVENTH CAUSE OF ACTION**
**Negligence**

107. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

108. The conduct of the Defendants alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of Defendant City, invoking state power and/or authority, and as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

109. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

110. As a result of the foregoing, Plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

111. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### EIGHTH CAUSE OF ACTION
**Negligent Hiring, Screening, Retention, Supervision, and Training**
*(Against The City of New York)*

112. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

113. Defendant City negligently hired, screened, and retained the NYPD officers who engaged in the conduct underlying Plaintiff's claims. The acts and conduct of Defendant in negligently hiring, screening, and retaining its police officers were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

114. As a direct and proximate cause of the foregoing, Plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured.

115. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## NINTH CAUSE OF ACTION
### Violations of Biased-Based Policing
*N.Y.C. Admin. Code § 14-151*

116. Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

117. By initiating law enforcement action against Plaintiff based on their actual and/or perceived disability, gender, sexual orientation, and/or other protected status, rather than Plaintiff's behavior or other information linking them to suspected unlawful activity, Defendants and Defendants' agents engaged in bias-based profiling in violation of N.Y.C. Admin. Code § 14-151(c)(1)(i) and (ii).

118. The Individual Defendants, were, at all times relevant to this Count, employees and agents of either the City of New York. Each of those defendants and persons was acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore directly chargeable to Defendant The City of New York under the state law doctrine of *respondeat superior*.

119. As a direct and proximate result of Defendants' violations of the N.Y.C. Admin Code §14-151(c)(i) and (ii), Plaintiff has been injured as set forth herein.

120. As a result of Defendants' discriminatory acts, Plaintiff has been harmed and is entitled to damages, including but not limited to damages to compensate for emotional distress, pain and suffering, punitive damages, and pre-judgment interest.

121. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## TENTH CAUSE OF ACTION
### Violations of N.Y.C. Administrative Code § 8-801, et. seq.

122. Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

123. By the actions described above, Defendants violated Plaintiff's rights to be secure in their person, papers and effects against unreasonable searches and seizures, and to be secure against the use of excessive force, in violation of N.Y.C. Administrative Code § 8-802, and Plaintiffs seek redress under N.Y.C. Admin Code § 8-801, et seq.

124. Defendants, were, at all times relevant to this Count, employees and agents of either the City of New York. Each of those defendants and persons was acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore directly chargeable to Defendant The City of New York under the state law doctrine of *respondeat superior*.

125. As a direct and proximate cause of the foregoing, Plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, pre-judgment interest, and was otherwise damaged and injured.

126. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## ELEVENTH CAUSE OF ACTION
**Intentional of Negligent Infliction of Emotional Distress**

127. Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

128. By the actions described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

129. Defendants' acts and omissions violated Plaintiff's statutory and common law rights as guaranteed by the laws of the State of New York.

130. The Individual Defendants, were, at all times relevant to this Count, employees and agents of either the City of New York. Each of those defendants and persons was acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore directly chargeable to Defendant The City of New York under the state law doctrine of *respondeat superior*.

131. As a direct and proximate cause of the foregoing, Plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, pre-judgment interest, and was otherwise damaged and injured.

132. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**TWELFTH CAUSE OF ACTION**
*Respondeat Superior*
*(Against the City of New York)*

133. Plaintiff alleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

134. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as an agent and employee of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

135. As a direct and proximate cause of the foregoing, Plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, pre-judgment interest, and was otherwise damaged and injured.

136. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. Compensatory damages in an amount to be determined at trial;

ii. Punitive damages in an amount to determined at trial;

iii. Attorneys' fees and costs;

iv. The convening and impaneling of a jury to consider the merits of the claims herein;

v. Pre- and post-judgment costs, interest; and

vi. Such other and further relief as the Court deems appropriate and equitable.


Dated: New York, New York
       July 15, 2024

                                        BELDOCK LEVINE & HOFFMAN, LLP
                                        99 Park Avenue, PH/26th Floor
                                        New York, New York 10016

                                By:     _____
                                        David B. Rankin
                                        Regina Powers
                                        212-277-5825
                                        drankin@blhny.com
                                        rpowers@blhny.com
                                        *Attorneys for Plaintiff*