UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Summer Klarman,

                             Plaintiffs,

   -v-

The City of New York; New York City Police Department ("NYPD") Police Officer ("P.O.") Bekzod Sharipov; NYPD P.O. Sasha Cabrera; NYPD Sergeant Muneeb Shahbaz; NYPD P.O. Cynthia McCann; NYPD Lieutenant David C. Johnson; and NYPD P.O. John and Jane Does 1-4,

                             Defendants.

**JUDGMENT**

Index No. 24-cv-05340-ER

      Whereas (1) Plaintiff commenced this action by filing a complaint on or about July 15, 2024, alleging that Defendants violated Plaintiff's civil rights under the United States and New York State constitutions and laws, (2) Defendants have denied any and all liability arising out of Plaintiff's allegations, (3) Defendants offered Plaintiff a Federal Rule of Civil Procedure ("Rule") 68 Offer of Judgment against the City of New York on May 9, 2025, and (4) Plaintiff accepted Defendants' Rule 68 Offer on May 28, 2025, the term the Rule 68 was open was extended in writing by defendants, the following is hereby ordered, adjudged, and decreed:

      1.    Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff will take a judgment against the City of New York in this action for the total sum of ten thousand and one ($10,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date the Rule 68 offer was made, for Plaintiff's federal claims.

      2.    This judgment shall be in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the

subject of this action.

3. This judgment shall not be construed as an admission of liability by Defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that Plaintiff has suffered any damages.

4. By accepting Defendants' offer of judgment, Plaintiff released and discharged Defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by Plaintiff arising out of the facts and circumstances that are the subject of this action.

5. By accepting the offer of judgment, Plaintiff waived Plaintiff's rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, Plaintiff agreed that the aforesaid payment of ten thousand and one ($10,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs, within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless Plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part.  If Plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date that Plaintiff submits to counsel for Defendants a final demand letter from Medicare.

7. By acceptance of the Rule 68 Offer of Judgment, Plaintiff agreed to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.  Plaintiff further agreed to hold harmless

Defendants and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: August 8 , 2025
       New York, New York

_____
Hon. Edgardo Ramos, U.S.D.J.